(92 App. Div. 542.)

VINER v. JAMES et al.

(Supreme Court, Appellate Division, First Department. March 25, 1904.)

1. PLEADING—INDEFINITE AND UNCERTAIN COMPLAINT—REMEDY.

A motion is a proper remedy to require a complaint to be made more definite and certain, and defendants are not limited to a demand for a bill of particulars.

2. SAME—ACTION AGAINST CORPORATE DIRECTORS—MISREPRESENTATIONS TO PURCHASER OF STOCK.

In an action against directors or trustees of a corporation to recover on account of their false and fraudulent representations, by which plaintiff was induced to buy stock and refrain from selling the same, the complaint was framed for relief against all the defendants; but it did not show that, at all the times therein mentioned, all the defendants were directors, or were connected with, or could be made responsible for, the alleged false representations, and neither could it be assumed therefrom that each and every one was a director at each and every time referred to therein. *Held*, that plaintiff was therefore properly required to make her complaint more definite and certain, by specifically alleging which defendants were directors when the alleged false reports or statements were made, and when plaintiff purchased the stock.

Appeal from Special Term, New York County.

Action by Alice Viner against Thomas L. James and others to recover for the false and fraudulent representations of defendants as directors or trustees of a savings and loan association. From an order to make the complaint more definite and certain, and to serve an amended complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

G. L. F. Rohan, for appellant.
Chas. A. Deshon, for respondents.

PATTERSON, J. This is an appeal from an order granting a motion made by the defendants to require the plaintiff to make her complaint definite and certain. The court below held, and properly, that the remedy invoked by this motion was the correct one, and that the defendants were not limited to a demand for a bill of particulars. People ex rel. Crane v. Ryder, 12 N. Y. 433. The object of the present motion was to have the complaint, as the court below said, put in such shape that the defendants—all or either of them—might plead to it in such a way as they might be advised, for the protection of their respective rights. The action is against a number of defendants who were directors or trustees of the Anglo-American Savings & Loan Association, a corporation organized under the laws of the state of New York. It is claimed that by reason of certain statements contained in an address of the defendant James, one of the directors, and by reason of statements made in addresses of other of the directors at various times, and in annual reports of the corporation, certain representations were made, which were false, and that the plaintiff, acting upon them, bought shares of the corporation named, and, after having bought those

¶ 1. See Pleading, vol. 39, Cent. Dig. § 1174.
87 N.Y.S.—17

shares, refrained from selling them in consequence of false, fraudulent, and untrue statements, upon which she relied. The complaint is framed in such a way as to ask relief against all of the defendants. The indefiniteness of the complaint in respect to very substantial allegations affecting the liability of the defendants is apparent. It is not shown that at all the times therein mentioned all the defendants were directors, or were connected with, or could be made responsible for, false representations, if such representations were made. It is true, the complaint says that at the times mentioned the defendants were directors, but it is obvious from reading the pleading that it cannot be assumed that each and every one of the defendants was a director of the corporation at each and every time referred to in the complaint. We think, therefore, the court below was right in ruling that there should be a specific allegation as to which of the defendants were directors at the respective times the alleged false reports or statements upon which the plaintiff relied were put forth; and so with relation to the times at which the plaintiff purchased her stock. It may be that such purchase was made before any of the statements or representations were put forth which the plaintiff claims to be false; and, further than that, as each defendant is sought to be made liable for his own fraudulent statement or representation, he should be connected by positive allegation with representations, responsibility for which is sought to be charged upon him.

We think the order should be affirmed, with $10 costs and disbursements. All concur.